**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Edward Scott, II, | No. CV-22-00597-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Municipal Court, et al., | |
| Defendants. | |

On April 11, 2022, Gene Edward Scott, II ("Plaintiff"), who has filed at least 25 unsuccessful lawsuits in this Court over the last two decades, filed a *pro se* complaint (Doc. 1) and an application to proceed in forma pauperis (Doc. 2). For the following reasons, the application is granted and the complaint is dismissed with leave to amend.

I.   IFP Application

Plaintiff's application indicates that Plaintiff has insufficient funds to prepay the filing fee for this action. Accordingly, Plaintiff's application is granted.

II.   Statutory Screening Of IFP Complaints

The Court is required to screen complaints brought in forma pauperis.[1] 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is]. . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

III.     The Complaint

Plaintiff names Maricopa County, City of Phoenix, State of Arizona, and the United States Army as defendants. (Doc. 1 at 2.) The complaint alleges that "The Defendants falsely accused Alcohol DUIs to Plaintiff who never consumed alcohol (Alcohol nor Narcotic) nor used a weapon no broken law ever, but humbly request[s] diplomatic immunity and a legal passport." (*Id.* at 4.) The complaint further alleges that "Plaintiff 'submissively' suffers defamation of character" and requests "elimination" of

Plaintiff's "criminal records." (*Id.*)

    A.    **Jurisdiction**

The Court must determine *sua sponte* whether it has subject-matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See* also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting jurisdiction bears the burden of proving its existence. *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). Here, the Court lacks subject-matter jurisdiction because the complaint fails to allege either diversity jurisdiction or federal question jurisdiction.

Plaintiff checked the "federal question" box as the basis for federal court jurisdiction and lists the basis as "'VIII Amendment of the United States Constitution' to 'Civil Rights Act of 1964 As Amended.'" (Doc. 1 at 3.) However, nowhere else in the complaint does Plaintiff allege how his Eighth Amendment rights or civil rights were violated, who violated them, or whether he is asserting a claim under 42 U.S.C. § 1983. *Woods v. City of Scottsdale*, 2013 WL 614421, *4 (D. Ariz. 2013) ("While the United States Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants, it is not enough to simply mention a clause in the Constitution.") (citation omitted).

Although Plaintiff marked the "federal question" box in the complaint, what appears to be his underlying cause of action—defamation—is a state law claim. (Doc. 1 at 4.) Thus, Plaintiff must demonstrate, by a preponderance of the evidence, that diversity jurisdiction exists. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *see also McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992). Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Here, the complaint fails to affirmatively set forth the facts necessary to determine the parties' citizenship, complete diversity, or that the controversy exceeds $75,000, exclusive of interests and costs. Plaintiff does not allege his citizenship, the Defendants' citizenship, or that the controversy exceeds the statutory amount. (*Id.* at 4-5.) To the extent Plaintiff was intending to allege that both he and at least one of the defendants are citizens of Arizona, there would not be complete diversity. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Moreover, some of the named defendants possess immunity from suit. The State of Arizona is "protected by the Eleventh Amendment from suits brought by citizens in federal court," *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), and federal courts lack subject-matter jurisdiction over suits brought against the federal government or its entities unless there exists a specific, express waiver of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (the United States is immune from suit except as it consents to be sued); *FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

B.     **Rule 8**

As explained above, a claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Here, the complaint falls far short of satisfying the requirements of Rule 8. Plaintiff does not provide a "short and plain statement" for any claim. Although Plaintiff lists the Eighth Amendment, Civil Rights Act, and appears to allege a defamation claim, he fails to allege facts that would support any such claim. *Myers-Armstrong v. Actavis Totowa*, *LLC,* 382 F. App'x 545, 547 (9th Cir. 2010) (affirming dismissal for failure to

state a claim in part because the complaint gave "no notice of the alleged illegal act and, therefore, fail[ed] to satisfy Federal Rule of Civil Procedure 8(a), because it [did] not set forth 'a short plain statement of the claim showing that the pleader is entitled to relief.'")

IV. <u>Leave To Amend</u>

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person and/or entity who violated the right, exactly what that individual or entity did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's right, and what specific injury Plaintiff suffered because of the other entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure, which includes "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Application To Proceed In forma Pauperis (Doc. 2) is **granted**.
2. Plaintiff's complaint (Doc. 1) is **dismissed**, with leave to file an amended complaint by **May 27, 2022**.
3. If Plaintiff elects not to file an amended complaint by **May 27, 2022**, the Clerk is directed to **dismiss** this action without further order of the court.

Dated this 6th day of May, 2022.

Dominic W. Lanza
United States District Judge